unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM GREENBERG, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LUSTIG, Appellant.— Judgment of conviction of the County Court of Queens county affirmed. Rich, Young and Hagarty, JJ., concur; Lazansky, P. J., and Kapper, J., dissent, being of opinion that while defendant may have been guilty of assault, the proof did not warrant the determination that he was guilty of attempted rape.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN TRACY, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY WALSH, Alias JAMES DOUGHERTY, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MILDRED ELMORE, Appellant, v. JOHN D. MCCOACH, as Sheriff of the County of Orange, Respondent.— Appeal from order dismissing writ of habeas corpus dismissed, without costs, upon the ground that the relator is no longer in custody, having been released on bail. (See *Johnson* v. *Hoy*, 227 U. S. 245.) Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ., concur.

WILLIAM H. RAPP, Appellant, v. MAX EPSTEIN, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

JOHANNA RECHE, Appellant, v. SADIE WOODRUFF, Respondent.— Order denying motion to strike out answer, to adjudge defendant to be in default, and to assess damages affirmed, with ten dollars costs and disbursements. We are of opinion that the owner of the property was not served with the summons and complaint, but that her daughter (who answered) was served, and that the latter was not only named as the defendant but was the one *intended* to be named and served, this view being fortified not alone by the affidavits and the testimony taken by the learned Special Term justice, but also by the examination before trial of the person served; from which circumstance and the facts elicited upon the examination the only permissible inference is that plaintiff knew that the daughter was the defendant named and the one served. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.

HENRY RECHE, Appellant, v. SADIE WOODRUFF, Respondent.— Order denying motion to strike out answer, to adjudge defendant to be in default, and to assess damages affirmed, with ten dollars costs and disbursements, on authority of *Reche* v. *Woodruff* (*ante*, p. 777), decided herewith. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.

MEYER REINGOLD, Respondent, v. FIRE ASSOCIATION OF PHILADELPHIA, Appellant.— Order affirmed, with ten dollars costs and disbursements. We cannot say upon the present record that the action was not brought in time. Defendant

may move to have the complaint made more definite and certain as to the date of the fire or for a bill of particulars requiring plaintiff to give the exact date of the fire. Rich, Young, Kapper and Hagarty, JJ., concur; Lazansky, P. J., concurs in result.

MEYER REINGOLD, Respondent, v. HARTFORD FIRE INSURANCE COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements We cannot say upon the present record that the action was not brought in time. Defendant may move to have the complaint made more definite and certain as to the date of the fire or for a bill of particulars requiring plaintiff to give the exact date of the fire. Rich, Young, Kapper and Hagarty, JJ., concur; Lazansky, P. J., concurs in result.

MAX ROSEN, Respondent, v. IDA FRIEDMAN and DAVID FRIEDMAN, Copartners, Trading under the Firm Name and Style of M. FRIEDMAN & COMPANY, and BEDFORD HOME BUILDERS, INC., DAVID FRIEDMAN, Trading under the Name of M. FRIEDMAN & COMPANY, and BEDFORD HOME BUILDERS, INC., ANTHONY S. JEREMIA, Doing Business under the Trade Name of INTERBOROUGH STOVE COMPANY, and ANDREW E. BROWN, Defendants. DAVID FRIEDMAN, Appellant.— Amended judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ.

CHARLES C. SNYDER, Respondent, v. CITY STORES COMPANY, Appellant.— Order denying motion to change place of trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

STANDARD OIL COMPANY OF NEW YORK, Respondent, v. MICHAEL DE STEFAN, Appellant.— Order granting plaintiff's motion for summary judgment and judgment entered thereon affirmed, with ten dollars costs and disbursements. No opinion. Rich, Young, Kapper and Hagarty, JJ., concur; Lazansky, P. J., dissents.

F. E. TAGLIABUE, Respondent, v. KATHERINE H. BROWN, Defendant, and GEORGE S. MAHANA, Appellant.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

MARY TALAMO, Respondent, v. ROSIE TALAMO, Appellant, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

V. M. S. COMPANY, INC., Respondent, v. PAUL DE GIUSEPPE, EMILY DE GIUSEPPE, Otherwise Known as Dr. EMILY V. FRANKLIN, and ARMAND R. VANORE, Appellants, and Others, Defendants.— Order denying motion to vacate judgment and to permit defendants to answer affirmed, in so far as Paul De Giuseppe is concerned, with ten dollars costs and disbursements. In so far as defendants Emily De Giuseppe (otherwise known as Dr. Emily V. Franklin) and Armand R. Vanore are concerned, the order is reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to vacate judgment granted; said defendants to serve an answer within ten days from the entry of the order herein. The affidavits in support of the motion show that neither Emily De Giuseppe nor Armand R. Vanore had any interest whatsoever in the Van Construction Co., Inc., nor were they partners with the other defendants in the transaction involved. As to Emily De Giuseppe, she had requested her attorney to enter an appropriate defense, which he failed to do. As to Armand R. Vanore,